UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ALFONSO ORTIZ-BELLO,

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-02504-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1, 2, 7)

On April 2, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On April 8, 2026, the court construed the petition as also seeking the issuance of a temporary restraining order requiring petitioner's immediate release.  (Doc. No. 6.)  Accordingly, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decision in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court found that the prior release of petitioners created a liberty interest in continued release and that their re-detention violated due process.  (*Id.*)

1

On April 9, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 7.)  In that opposition, respondent concedes that there are no significant factual or legal issues that materially distinguish this case from *Perez* or *O.A.C.S.*  (*Id.* at 1.)  Rather, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent also states in its opposition that it does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (Doc. No. 7 at 1.)

Based on a review of the record before it, the court finds as follows.  On January 23, 2022, petitioner entered the United States. (Doc. No. 1 at 1.)  At an unknown date, petitioner encountered and was detained by immigration authorities. (*Id.*)  On February 16, 2022, petitioner was released under an "Order of Recognizance." (*Id.*)  On February 24, 2026, petitioner attended a scheduled Immigration and Customs Enforcement appointment as directed and was detained by immigration authorities. (*Id.* at 2.)

The court incorporates and adopts the reasoning set forth in its prior order in *Perez*, 2025 WL 3187578, where the undersigned concluded that the government's prior release of the petitioner created an implicit promise that his release would only be revoked if he failed to abide by the conditions of his release.  Accordingly, the court finds that petitioner's prior release in this case gave him a liberty interest in his continued release and concludes, pursuant to the reasoning in *Perez*, that petitioner's continued detention violates due process.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.     Respondent is ORDERED to immediately release petitioner Samuel Alfonso Ortiz-Bello, A-File No. 240-211-993, from respondent's custody on the same conditions, if any, he was subject to prior to his detention on February 24, 2026;

/////

2

b.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot in light of this order granting his petition on the merits;

3.    Respondent's motion to dismiss (Doc. No. 7) is DENIED;

4.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 15, 2026**                                      _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE